## JORDAN v. CROWELL.

No. 5382.

Court of Appeal of Louisiana. Second Circuit.

Jan. 5, 1937.

John R. Hunter & Son, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

DREW, Judge.

In this case the learned trial judge of the lower court has favored us with a well-written opinion in which he correctly states the issues, discusses the testimony, and concludes that defendant is not liable, therefore rejecting plaintiff's demands. From this judgment, plaintiff has prosecuted this appeal.

The opinion is as follows:

"This is a suit for damages for personal injuries resulting from a collision by a bicycle, being ridden along the sidewalk, with an automobile while being driven across the sidewalk from the private driveway of defendant's residence out into the street. The injuries were sustained by plaintiff's daughter, who was riding the bicycle. She was eleven years of age at the time. Defendant's nineteen year old son, Richard Crowell, was driving the automobile, which belonged to defendant.

"Defendant's residence is located at the corner of Marye and Chester streets in a prominent residential district in the city of Alexandria, the residence fronting Marye. The grounds extend along Chester street. He has an entrance upon these grounds from Chester street about even with the residence, and an exit from the grounds back into Chester a short distance further toward the rear portion of the grounds constituting the premises, with a driveway

478

entering and leaving. There is a wall of thick masonry erected along the sidewalk between the points of entrance and exit, with a dense growth of shrubbery inside the wall along the entire space between these two points. The wall is four feet high; the shrubbery much higher, and almost completely shuts off the view of a person traveling on foot or upon a bicycle along the sidewalk when approaching the exit point above described, from toward Marye street. It was at this point that the collision occurred.

"Plaintiff's daughter was riding a bicycle, traveling from the direction of Marye street upon the sidewalk next to defendant's premises along Chester street. She was going at a pretty rapid rate of speed. Young Richard Crowell was leaving his father's premises about that same time, driving the automobile out of the driveway approaching this exit at the rear of the grounds. He reached and drove upon the sidewalk just ahead of the on-coming bicycle, and the bicycle ran against the automobile, striking the rear portion of the front fender.

"According to the testimony of the young girl, Carolyn Jordan, plaintiff's daughter, who was riding the bicycle and received the injuries complained of, she did not see the automobile at any time either before it reached the sidewalk or at the time she struck it, and in fact did not know what had happened to her until several minutes later; after recovering from her shock, she asked and was informed as to what had happened. Evidently she did not see and could not see the automobile until it suddenly appeared upon the sidewalk; and, according to the testimony of Mr. Rush, one of plaintiff's witnesses who was seated on his front premises almost directly across the street, in plain view of both the bicycle and the automobile, the young girl in all probability did not even see the automobile when she ran into it because, as Mr. Rush states, she had her head lowered and was 'pedaling' upon her bicycle. This probably accounts for the girl's not knowing what had happened.

"According to the testimony of young Richard Crowell, the driver of the car, he did not see the girl on the bicycle until the moment she struck his car. He states that as he approached the sidewalk, driving at a speed of five or six miles per hour, he observed another automobile traveling along the street, approaching from the direction of Marye street, and that he brought his car to a stop to wait until this other car had passed, stopping his car upon the sidewalk; and that just about the time his car came to a stop, the bicycle, which he had not seen, ran into his car. His testimony as to his stopping his car and being struck by the bicycle is fully corroborated by the man who was driving the car along the street, also by his wife who was accompanying him. These two witnesses also observed the young girl as she was riding her bicycle along the sidewalk. They state that she was riding at a rapid speed for a bicyclist; that she was 'pedaling,' with her head lowered and apparently never saw the Crowell car.

"Under an ordinance passed by the city, is was unlawful to operate a bicycle upon its sidewalks, although it is agreed that the ordinance is constantly being violated by bicyclists, particularly in the community where this accident occurred, and that no one has been prosecuted therefor.

"Plaintiff alleges that defendant's son suddenly and without warning emerged from the rear driveway immediately into the pathway of the bicycle being ridden by Carolyn Jordan, which sudden and unexpected appearance of said automobile was the cause of the collision and the resultant injuries. Then in one of the following paragraphs of the petition, it is alleged that the injuries were caused solely by the gross negligence, carelessness, and want of skill on the part of defendant's son, and that plaintiff's daughter was in no wise guilty of contributory negligence.

"In his answer, defendant denied any negligence on the part of his son in the operation of said automobile; and alleged that his son was a young man of mature judgment and an experienced and competent driver. And in the alternative, defendant alleged contributory negligence on the part of plaintiff's daughter. Plaintiff's daughter, Carolyn, appears to be equal to, if not above, the average in intelligence and physique of girls of her age. The same can be said of young Crowell.

"It is fairly well established by the evidence that young Crowell did not blow his horn or give any other warning as he approached the sidewalk, and he admits that he did not stop his car before entering upon it, but states frankly that he only stopped upon the sidewalk in order to let a car which he saw in the street pass. Due

to the almost complete obstruction of his view of the sidewalk as he approached it, we think he did not exercise the care that he should for the safety of pedestrians. However, due to the slow movement of the car, a pedestrian doubtless could and would have easily stopped, and not advanced headlong against it. Ordinarily, we think the driver of the car had a right to presume that none but pedestrians would likely be upon the sidewalk. Had young Crowell seen the girl advancing upon the bicycle, it would have been his duty, of course, to stop his car before reaching the sidewalk in order to let her pass, even though she was riding the bicycle along the sidewalk in violation of the city's ordinance. But in the absence of any knowledge of an approaching bicyclist, he had the right, the court thinks, to presume that none would be where the ordinance forbade them to be.

"On the other hand, due to the apparent heedless manner in which the young girl was riding her bicycle, her evident awareness of the driveway across the sidewalk and obscure view to her, as well as to him, and the fact that she was riding at a rapid speed where the law forbade her to ride, we are forced to the conclusion that she was at fault. If he was at fault at all, which we seriously doubt, her fault is much greater and more evident, and that it was the proximate cause of the collision and resultant injuries which she sustained.

"The court is not unmindful of the fact that a child of tender years is not held to have the judgment of persons of mature years, and there are children even no older than Carolyn, whom the courts have held not to be capable of negligence. But Carolyn is, to all appearances, manner, and speech, of sufficient intelligence and mature judgment to warrant the court in concluding that she knew or should have known the grave danger in riding her bicycle in violation of a city ordinance upon the sidewalk, and especially in such a heedless and rapid speed at a place which she knew or should have known a car from defendant's premises was likely to emerge from an obscure passageway.

"For these reasons, the demands of plaintiff will be rejected.

"R. C. Culpepper, Judge."

We fully agree with the conclusion reached by the lower court as to the nonliability of defendant, but in its opinion it seems to be in some doubt as to the negligence of the driver of the automobile. A careful reading of the testimony removes any doubt from our mind as to his negligence. He was entering a street from a driveway which totally obscured his vision, both to the left and right. He had to cross a sidewalk before reaching the street which he knew was not only used by pedestrians, but also by the children of the neighborhood in riding their bicycles. It was gross negligence for him to attempt to cross said sidewalk from said blind driveway without first sounding his horn to give notice of his approach. The driver was also guilty of negligence in not seeing the young girl on the sidewalk when he was where his vision was unobscured. There can be no doubt about his negligence. But, on the other hand, there is no doubt as to the negligence of the young girl riding the bicycle. She was violating a city ordinance in riding on the sidewalk and, under the settled jurisprudence of this state, it was negligence per se for her to do so. It is also settled by the jurisprudence of this state that negligence per se, due to the violation of a law, will not bar recovery, unless the negligence was a proximate cause of the accident. In this case, we are of the opinion that the young girl's negligence was a proximate cause of the accident.

As stated by the lower court, she was mature for her age and far above the average in intelligence for one of her years, as was clearly demonstrated by the manner in which she gave her testimony. She was in the eighth grade and attended Bolton High School. She had passed this driveway many times, if not daily, and knew that cars came out that driveway every day, and sometimes many times a day. She was fully aware that a car coming out this driveway could not be seen until it was in the act of crossing the sidewalk. With this full knowledge, the young girl attempted to cross the driveway on the sidewalk without looking and at a very rapid rate of speed for a bicycle to travel. According to the only witness who testified on that point, she was making from fifteen to twenty miles per hour. At the time she ran into the car and driver thereof, she was "pumping," a term used by bicyclists, which means she was not seated, but standing on the pedals in order to apply more force and thereby gain

480

more speed. In "pumping," she necessarily had her vision lowered, as was her head, and accounts for her not seeing the car. Had she been seated and riding at a normal speed, she could have seen the car in time to avert the accident. She was negligent in riding on the sidewalk, in going at excessive speed at that point of danger, and in not looking ahead, and her negligence contributed to and was a proximate cause of the accident, which bars plaintiff's recovery.

The judgment of the lower court is therefore affirmed, with costs.